



**EXHIBIT A**

# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

---

**AWILFRED SANTANA VS BJ'S WHOLESALE CLUB, INC.**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-018694-CA-01 | **Filing Date:** | 08/05/2021 |
| **State Case Number:** | 132021CA018694000001 | **Judicial Section:** | CA23 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

---

**👥 Parties**      Total Of Parties: 2 **+**

**🔧 Hearing Details**      Total Of Hearings: 0 **+**

**🔊 Dockets**      Total Of Dockets: 7 **−**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 08/19/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 08/19/2021 | | ESummons 20 Day Issued | Event | **RE: INDEX # 4.**<br>Parties: BJ'S WHOLESALE CLUB INC. |
| | 5 | 08/19/2021 | | Receipt: | Event | **RECEIPT#:2990233 AMT PAID:$10.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:08/19/2021 REGISTER#:299 CASHIER:EFILINGUSER** |
| 📄 | 4 | 08/18/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 08/07/2021 | | Receipt: | Event | **RECEIPT#:2970077 AMT PAID:$401.00 NAME:HOOGERWOERD, PETER 44 W FLAGLER ST FL 22 MIAMI FL 33130-1808 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:08/07/2021 REGISTER#:297 CASHIER:EFILINGUSER** |
| 📄 | 2 | 08/05/2021 | | Complaint | Event | |
| 📄 | 1 | 08/05/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.





**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Awilfred Santana</u>
Plaintiff                                                                    Case # _____
                                                                                    Judge _____

vs.

<u>BJ'S WHOLESALE CLUB, INC.</u>
 Defendant

---

### II.   AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☒ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  8

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
No

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd        Fla. Bar # 188239
      Attorney or party             (Bar # if attorney)

Peter M Hoogerwoerd          08/05/2021
  (type or print name)            Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA.

Case No._____

AWILFRED SANTANA,

       Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.,
a Foreign Profit Corporation,

       Defendant.

_____/

## **COMPLAINT**

       COMES NOW, Plaintiff, AWILFRED SANTANA ("Plaintiff"), on behalf of himself by and through undersigned counsel, files this Complaint against Defendant BJ'S WHOLESALE CLUB, INC. ("Defendant") and states as follows:

## **GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, national origin, and retaliation. This is an action brought under Chapter 760, Florida Statutes,

2. The jurisdiction of this Court is invoked pursuant 28 U.S.C. '1331 (federal question jurisdiction) and 28 U.S.C. '1343 (civil rights claim jurisdiction). Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant, BJ'S WHOLESALE CLUB, INC., has a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida, the discriminatory acts took place in Miami Dade County, Florida and damages are due in Miami Dade County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff is a Black male individual of Dominican national origin and is a member of a class of persons protected from discrimination in his employment under Title VII, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. On May 7, 2021, the EEOC issued a "Notice of Right to Sue" notice to Plaintiff and suit was instituted timely.

11. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed with Defendant as an exporter and forklift driver from on or about September 1, 2017 through on or about September 17, 2019.

14. On or about September 11, 2019, Plaintiff was working removing pallets from the floor when another employee, Jose Augusti, began to harass Plaintiff. Augusti is a white male from Cuba. Most employees were white Cubans or whites of another nationality. Augusti began screaming at Plaintiff while Plaintiff was working. Plaintiff reacted by telling Augusti to let him do his job. This remark offended Augusti who said "Say that again and I will spit in your face." As Augusti repeated his threat several times, Plaintiff stayed quiet to avoid a larger conflict; however, Augusti became more upset and called Plaintiff a "p*ssy." Augusti's tirades culminated with a threat stating "I'm going to get my gun and shoot you."

15. Plaintiff asked a manager who was present to diffuse the situation. The manager, who was a white Mexican male, said it was no big deal.

16. Plaintiff finished his shift and went home very upset. Plaintiff proceeded to call Vincent Bloom, a night shift manager, and told Bloom that he did not feel safe.

17. Subsequently, Plaintiff called Kathryn in the HR department and she had yet to hear about any incident. Plaintiff filed a report on or about September 12, 2019.

18. On or about September 15, 2019, a manager informed Plaintiff that the incident was under investigation and that the Plaintiff should not report to work.

19. On or about September 17, 2019, a manager called the Plaintiff and terminated him. No reason was given.

20. Plaintiff was terminated in discrimination of his race, color, and national origin and in retaliation for his complaints.

21. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his job at satisfactory or above satisfactory levels

22. Any explanation proffered by Defendant for the adverse employment actions toward Plaintiff is mere pretext for unlawful discrimination.

## COUNT I
### DISCRIMINATION BASED ON RACE
### IN VIOLATION OF THE FCRA

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

24. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race.

25. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

26. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform his position with Defendant.

27. Plaintiff was qualified for his position with Defendant.

28. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated; non-Black employees were allowed better work opportunities.

29. The Plaintiff was terminated as a result of race and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

30. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

31. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

32. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of race in the terms, conditions, and privileges of employment.

33. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

34. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### DISCRIMINATION BASED ON COLOR
### IN VIOLATION OF THE FCRA

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

36. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals color.

37. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon color considerations or reasons.

38. The Plaintiff is a Black individual and possessed the requisite qualifications and skills to perform his position with Defendant.

39. Plaintiff was qualified for his position with Defendant.

40. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated; non-Black employees were allowed better work opportunities.

41. The Plaintiff was terminated as a result of color and the reasons given by Defendant, if any, for termination are mere pretext for illegal discrimination.

42. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

43. Moreover, as a further result of the Defendant unlawful color based discriminatory conduct, the Plaintiff has been compelled to file this action and has incurred the costs of litigation.

44. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of color in the terms, conditions, and privileges of employment.

45. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of color.

46. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J.  Grant Plaintiff a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### DISCRIMINATION BASED ON NATIONAL ORIGIN
### IN VIOLATION OF THE FCRA

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

48. As part of its protections, the FCRA prohibits national origin discrimination.

49. Plaintiff is a Black individual of Dominican national origin and, thus, a member of a protected class under the FCRA.

50. Plaintiff was at all times qualified for his employment position.

51. Despite his qualifications and the exemplary fashion in which Plaintiff performed the essential duties of his position, Defendant terminated Plaintiff.

52. Defendant's treatment of Plaintiff adversely affected Plaintiff's compensation, terms, conditions, privileges and/or status as an employee because of national origin.

53. Plaintiff was treated adversely in comparison to similarly situated employees. Most notably, Plaintiff was consistently treated unequally in comparison to non-Black Dominican employees.

54. Defendant's bases, if any, for its disparate treatment of Plaintiff are pretextual and illegitimate, asserted only to cloak the discriminatory nature of its conduct.

55. As a result of the complained conduct to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IV**
***RETALIATION IN VIOLATION OF THE FCRA***

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

57. Defendant is an employer as that term is used under the applicable statutes referenced above.

58. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under the FCRA.

59. The foregoing unlawful actions by Defendant were purposeful.

60. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

61. Plaintiff is a member of a protected class because he reported unlawful practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful practices and the adverse employment action taken thereafter.

62. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

63. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

### COUNT V
### DISCRIMINATION BASED ON RACE
### IN VIOLATION OF TITLE VII

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

65. Plaintiff is a member of a protected class under Title VII.

66. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

67. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

68. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

69. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

70. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

71. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

72. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

73. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

74. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *DISCRIMINATION BASED ON COLOR IN VIOLATION OF TITLE VII*

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

76. Plaintiff is a member of a protected class under Title VII.

77. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to color-based animosity.

78. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is black.

79. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of color was unlawful but acted in reckless disregard of the law.

80. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

81. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

82. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

83. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

84. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

85. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### DISCRIMINATION BASED ON NATIONAL ORIGIN

### *IN VIOLATION OF TITLE VII*

86. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-22 of this initial complaint.

87. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

88. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Dominican national origin.

89. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Dominican national origin.

90. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Dominican.

91. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

92. The Plaintiff was qualified for the position apart from his apparent national origin.

93. The Plaintiff was discriminated against by his supervisor because he was Dominican.

94. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

95. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

96. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

97. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Dominican, in violation of the Act.

98. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

99. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

100. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

    A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII
### *RETALIATION IN VIOLATION OF TITLE VII*

101.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

102.  Defendant is an employer as that term is used under the applicable statutes referenced above.

103.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under the Title VII.

104.  The foregoing unlawful actions by Defendant were purposeful.

105.  Plaintiff voiced opposition to unlawful practices during his employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

106.  Plaintiff is a member of a protected class because he reported unlawful practices and was the victim of retaliation thereafter.  There is a causal connection between the

reporting of the unlawful practices and the adverse employment action taken thereafter.

107. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

108. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant; find that Defendant indeed violated the Title VII, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Title VII;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees;

I. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

J. Grant Plaintiff a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated August 5, 2021                                      Respectfully submitted,

                                                          **/s/ Cristobal Bobadilla-Gamboa**
                                                          Peter M. Hoogerwoerd, Esq.
                                                          Fla. Bar No.: 0188239
                                                          pmh@rgpattorneys.com
                                                          Cristobal Bobadilla-Gamboa, Esq.
                                                          Fla. Bar No. 113656
                                                          cbg@rgpatttorneys.com
                                                          *Remer & Georges-Pierre, PLLC*
                                                          44 West Flagler Street, Suite 2200
                                                          Miami, FL 33130
                                                          (305) 416-5000- Telephone
                                                          (305) 416-5005- Facsimile

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2021-018694-CA-01

AWILFRED SANTANA,

      Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: BJ'S WHOLESALE CLUB, INC.**, through its Registered Agent:

      C T CORPORATION SYSTEM
      1200 SOUTH PINE ISLAND ROAD
      PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER HOOGERWOERD, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____

CLERK                         DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2021-018694-CA-01

AWILFRED SANTANA,

     Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC.,
a Foreign Profit Corporation,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO: BJ'S WHOLESALE CLUB, INC.**, through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                          8/19/2021

CLERK      30796                       DATE

_____

(BY) DEPUTY CLERK